IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| KEVIN R. WALSH and BLANE M. WILSON, STEVEN M. ANNARELLI, and LYDIA R. HILL, as individuals and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY AND COUNTY OF HONOLULU, a Hawaii municipal corporation; MARK J. BENNETT, Attorney General of the State of Hawaii, in his official capacity; and MARIE LADERTA, Interim Director, State of Hawaii Department of Human Resources Development, in her official capacity,<br><br>Defendants.<br>_____ | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CV NO 05-00378 DAE LEK<br>[CLASS ACTION] |

ORDER GRANTING  PLAINTIFFS'
MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANTS'
COUNTER MOTION FOR SUMMARY JUDGMENT

Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for disposition without a hearing.  After reviewing Plaintiffs' Motion and the supporting and opposing memoranda, the Court GRANTS Plaintiffs' Motion for Summary Judgment and Permanent Injunction.

BACKGROUND

On February 1, 2006, this Court granted Plaintiffs' Motion for Preliminary Injunction of Hawaii Revised Statute Section 78-1(c).  In reaching its decision, this Court found that Defendants did not establish that the pre-employment residency requirement was not enacted for an improper purpose and that it is rationally related to a legitimate interest.  Plaintiffs now seek summary judgment and a permanent injunction enjoining enforcement of the pre-employment residency requirement of Hawaii Revised Statute Section 78-1(c).

Plaintiffs challenge the constitutionality of the pre-employment residency requirement for public employment set forth in Hawaii Revised Statute Section 78-1(c).  That section provides as follows:

> All persons seeking employment with the government of the State or in the service of any county shall be citizens, nationals, or permanent resident aliens of the United States, or eligible under federal law for unrestricted employment in the United States, and residents of the State at the time of their application for employment and as a condition of eligibility for continued employment.
>
> "Resident" means a person who is physically present in the State at the time the person claims to have established the person's domicile in the State and shows the person's intent is to make Hawaii the person's permanent residence.  In determining this intent, the following factors shall be considered:

(1) Maintenance of a domicile or permanent place of residence in the State;

(2) Absence of residency in another state; and

(3) Former residency in the State.

Haw. Rev. Stat. § 78-1(c).

The Hawaii Administrative Rules provide that "[a]pplicants shall be residents or former residents of the State and citizens, nationals, permanent resident aliens of the United States . . . at the time of application."  Haw. Admin. R. § 14-3.01-4.  At the hearing, State Defendants represented that this rule has been repealed.

In addition, the City has implemented the residency requirement through its Civil Service Rules.  Initially, Section 3-4 provided that at the time of application, applicants shall be residents or former residents of the State.  However, prompted by the instant lawsuit, effective November 19, 2005, the City amended the rule to eliminate the reference to "former residents."

On March 15, 2005, prior to the amendment to the Civil Service Rule and prior to any action taken to repeal the administrative regulation, Kevin Walsh ("Walsh") applied for three positions with the City.  On May 20, 2005, Blane Wilson ("Wilson") applied for one position with the City.  On October 2, 2005,

Steven Annarelli ("Annarelli") applied for one position with the City.  Question 4 of the City's electronic application for employment that Plaintiffs filled out provided as follows: "RESIDENCY REQUIREMENT: The Hawaii public employment law requires that applicants be current or former legal residents of Hawaii at the time of application."  (Walsh Decl. ¶6; Wilson Decl. ¶17, attached to Pls.' Mot.)  Each Plaintiff responded that they were not a legal resident of Hawaii. Walsh received three rejection letters, one for each position, Wilson received one rejection letter, and Annarelli also received one rejection letter.  Each rejection letter stated that "your application cannot be accepted because you are not a resident of the State of Hawaii, which is required for this position.  Hawaii State law requires that applicants be current or former residents of Hawaii at the time of application."  (Walsh Decl. Exs. 1-3; Wilson Decl. Ex. 3.)  Wilson and Annarelli also applied for jobs with the State.  Wilson applied for one position with the State. Annarelli applied for two positions with the State.  Wilson received a letter dated March 15, 2005, informing him that he was ineligible for the position because he did not meet the minimum experience required and he was not a legal resident of the State of Hawaii.  (Wilson Decl. Ex. 2.)  Annarelli was rejected from both positions, the first because another candidate had been selected and the second solely because he was not a resident at the time of application.  (Annarelli Decl.

4

¶13, attached to Pls' Mot.)  Annarelli received a letter dated October 10, 2005, that stated "Current State Law, Chapter 78 of the Hawaii Revised Statutes, requires applicants be residents of the State of Hawaii at the time of their application for employment.  As you do not appear to be a resident of the State of Hawaii at this time, we are unable to consider you for this position."  (Annarelli Decl. Ex. 3.)

Lydia Hill ("Hill"), a Plaintiff in this action, is currently living on the mainland and is a resident of Massachusetts.  She is not nor has she ever been a resident of Hawaii.  Hill alleges that she has not completed an employment application because it was apparent that her application would be rejected because of her past and present residency status.  Hill argues that she cannot bear the financial burden of relocating to Hawaii without any assurance of being employed upon arrival.  Hill further alleges that she has been and will continue to be discouraged from applying for any job with the City and County and/or the State of Hawaii because of the pre-employment residency requirement.

<u>LEGAL STANDARD</u>

Summary judgment shall be granted when

the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed. R. Civ. P. 56(c); see also Porter v. Cal. Dep't of Corr., 419 F.3d 885, 891 (9th

Cir. 2005); Addisu v. Fred Meyer, Inc., 198 F.3d 1130, 1134 (9th Cir. 2000).  One

of the principal purposes of summary judgment is to identify and dispose of

factually unsupported claims and defenses.  Celotex Corp. v. Catrett, 477 U.S. 317,

323-24 (1986).

Summary judgment must be granted against a party that fails to

demonstrate facts to establish what will be an essential element at trial.  See id. at

323.  A moving party without the ultimate burden of persuasion at trial––usually,

but not always, the defendant––has both the initial burden of production and the

ultimate burden of persuasion on a motion for summary judgment.  Nissan Fire &

Marine Ins. Co. v. Fritz Cos., 210 F.3d 1099, 1102 (9th Cir. 2000).  The moving

party must identify for the court "those portions of the materials on file that it

believes demonstrate the absence of any genuine issue of material fact."  T.W.

Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987)

(citing Celotex Corp., 477 U.S. at 323).  "When the moving party has carried its

burden under Rule 56(c), its opponent must do more than simply show that there is

some metaphysical doubt as to the material facts."  Matsushita Elec. Indus. Co. v.

Zenith Radio Corp., 475 U.S. 574, 586 (1986) (footnote omitted).  The nonmoving

party may not rely on the mere allegations in the pleadings and instead "must set

forth specific facts showing that there is a genuine issue for trial." Porter, 419 F.3d at 891 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986)).  "A genuine dispute arises if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." California v. Campbell, 319 F.3d 1161, 1166 (9th Cir. 2003); Addisu, 198 F.3d at 1134 ("There must be enough doubt for a 'reasonable trier of fact' to find for plaintiffs in order to defeat the summary judgment motion.").

When "direct evidence" produced by the moving party conflicts with "direct evidence" produced by the party opposing summary judgment, "the judge must assume the truth of the evidence set forth by the nonmoving party with respect to that fact." T.W. Elec. Serv., 809 F.2d at 631.  In other words, evidence and inferences must be construed in the light most favorable to the nonmoving party.  Porter, 419 F.3d at 891.  The court does not make credibility determinations or weigh conflicting evidence at the summary judgment stage.  Id.  However, inferences may be drawn from underlying facts not in dispute, as well as from disputed facts that the judge is required to resolve in favor of the nonmoving party. T.W. Elec. Serv., 809 F.2d at 631.

The standard for granting a permanent injunction is essentially the same as a preliminary injunction with the exception that the plaintiff must show a

actual success, instead of probable success on the merits.  Amoco Prod. Co. v.

Village of Gambell, 480 U.S. 531, 546 n.12 (1987).  When actual success on the

merits is shown, however, the inquiry is over.  A party is entitled to relief as a

matter of law irrespective of the amount of irreparable injury that may be shown.

Sierra Club v. Penfold, 857 F.2d 1307, 1318 n.16 (9th Cir. 1988).

## DISCUSSION

Plaintiffs argue that the pre-employment residence requirement is

unconstitutional because it has the impermissible purpose of deterring migration

into the State and fails all levels of scrutiny.  Plaintiffs further argue that the law

unduly burdens the fundamental right to travel and cannot withstand strict scrutiny

or even rational basis analysis.  In addition, Plaintiffs argue that the residency

requirement violates the Privileges and Immunities Clause of Article VI since it

discriminates against non-residents seeking to practice their trade.  Finally,

Plaintiffs argue that the former resident exception violates the Equal Protection

Clause and that the claim is not mooted by Defendants' voluntary acts.

Defendants argue that Plaintiffs lack standing and that Plaintiffs'

challenge to the "former residency" factor is moot.  Defendants also argue that

Plaintiffs' Privileges and Immunities claim fails because public employment is not

a fundamental right.  Defendants further argue that Plaintiffs present no viable

8

right to travel claim. Finally, Defendants argue that even if Plaintiffs present a right to travel claim, the State's non-durational residency requirement satisfies the applicable rational basis test.

I.      Standing

At the time of the preliminary injunction, Defendants argued that Plaintiffs Walsh and Wilson did not have standing to challenge the constitutionality of Hawaii Revised Statute section 78-1.  Walsh v. City and County of Honolulu, 423 F. Supp. 2d 1094 (D. Haw. 2006).  This Court held that Plaintiffs Walsh and Wilson both have standing to challenge the constitutionality of Hawaii Revised Statute 78-1.  Id.  In reaching its earlier decision, this Court cited Int'l Bhd. of Teamsters v. United States, 431 U.S. 324 (1977), where the Supreme Court held that a large class of people who did not apply for the specific job at issue had nonetheless suffered an injury in fact that could be redressed.  431 U.S. at 324.  This injury existed since the class of people were deterred from even applying for the job because the practices of the Union convinced them that it would be futile to do so.  This Court affirms its preliminary findings that Walsh and Wilson both have injuries in fact that can be redressed as they are both deterred applicants.

Defendants now argue that Plaintiff Hill does not have standing

because she did not apply for a position with the State, and therefore, suffered no

injury in fact.  To have standing, a plaintiff must demonstrate: 1) an injury in fact--

an invasion of a legally protected interest that is concrete and particularized, as

well as actual or imminent, not conjectural or hypothetical; 2) a causal relationship

between the injury and the challenged conduct--an injury that is fairly traceable to

the challenged action of the defendant, and not the result of the independent action

of some third party not before the court; and 3) a likelihood, not mere speculation,

that the injury will be redressed by a favorable decision.  See Lujan v. Defenders of

Wildlife, 504 U.S. 555, 560-61 (1992); San Diego County Gun Rights Comm'n v.

Reno, 98 F.3d 1121, 1126 (9th Cir. 1996).

As stated above, the Supreme Court has held that a class of applicants

suffers an injury if they are deterred from applying for a job because the State

convinced them it would be futile to do so.  Int'l Bhd. of Teamsters , at 324.  In the

instant matter, Hill stated "I have perused the job listings posted by the City and

County of Honolulu and the State of Hawaii in the hope of finding a suitable public

employment position... The requirement that I be a current resident at the time of

application was prominently stated on the internet as well as in several job

postings.  I did not complete the employment applications because it was apparent

10

that my application would be rejected because I was not and never have been a Hawaii resident." (Hill Decl. ¶ 8-9). Based on this Court's reasoning in the preliminary injunction, Plaintiff Hill was deterred from applying for a public position and under the rationale of Int'l Bhd. of Teamsters, has standing to challenge the constitutionality of Hawaii Revised Statute 78-1. Walsh, at 1100.

Accordingly, this Court finds that Plaintiffs Walsh, Wilson and Hill have standing to challenge the Constitutionality of Hawaii Revised Statute section 78-1.

## II. Right to Interstate Migration

The parties agree that there are no genuine issues of material fact and only the questions of law remain. In the preliminary injunction this Court held that Defendants did not establish that the pre-employment residency requirement was not enacted for an improper purpose and that it is rationally related to a legitimate interest. Thus, this Court found that the Hawaii residency requirement very likely violates Plaintiffs' fundamental Constitutional right to interstate migration Walsh, at 1108.

Here, Defendants restate the argument that they have a legitimate policy goal of assuring that persons considered for governmental jobs have a commitment to the State, are loyal, and have knowledge of local problems.

Defendants again argue that these interests are rationally related to the pre-employment residency requirement because hiring newly arrived persons results in quick turnover before the significant investment in training time of those persons has begun to yield a return.  Defendants claim that this quick turnover is due to the non-residents' underestimation of the effect of Hawaii's geographic isolation or cultural differences.  Defendants do not support their argument, however, with new information to persuade this Court that the pre-employment residency requirement was not enacted for improper purpose and that it is rationally related to a legitimate interest.  Instead, Defendants assert the exact argument that resulted in this Court issuing the preliminary injunction.

This Court affirms its findings at the Preliminary Injunction stage.[1] The history of this statute, among others, establishes that the State has continued to deter in-migration through statutory law.  In response, the Courts have continuously struck down such legislation as constitutionally impermissible.

In 1972, the Hawaii Supreme Court struck down the three-year residency requirement of this statute, holding that "the residency requirement

_____

[1]At the Preliminary Injunction stage, this Court found that strict scrutiny analysis did not apply.  In the instant matter, Plaintiffs again argue that strict scrutiny is warranted, however, it is unnecessary for the Court to re-examine the appropriate level of scrutiny to apply because the pre-employment residence requirement is not rationally related to any legitimate goal.

created an arbitrary classification without rational relation to a public employee applicant's capabilities of performing satisfactorily for the State and operated irrationally without reference to any legitimate state interest."  York v. State, 53 Hawaii 557, 560-61, 498 P.2d 644, 647 (D. Haw. 1972).  Following the York decision, the State legislature amended the statute to include a one-year residency requirement providing that all employees in public employment had to residents of the State for at least one year immediately preceding their application for employment.  In 1977, this Court struck down the one-year requirement as unconstitutional.  Nehring v. Ariyoshi, 443 F. Supp. 228 (D. Haw. 1977).  This Court found that the purpose of Hawaii Revised Statute 78-1was to control growth by "keeping people out of Hawaii."  Id. at 238.  Again, the State introduced a bill to amend the one-year residency requirement with the pre-employment residency requirement.  The admitted purpose of the pre-employment residency requirement was to encourage the hiring of local residents, control growth of the population, and protect limited resources by not encouraging in-migration.  Here, Defendants do not contest the original impermissible purpose of the statute nor do they explain how the replacement of the one-year requirement with a pre-employment residency requirement removes the taint of the original impermissible purpose.

13

Additionally, the Courts have consistently held unconstitutional other Hawaii statutes that impose residency requirements.  For example, in 1971 Hawaii established a one-year durational residency requirement as a condition of eligibility for state welfare benefits.  Relying on <u>Shapiro v. Thompson</u>, 394 U.S. 618, 89 S. Ct. 1322, 22 L. Ed. 2d 600 (1969),  (Supreme Court ruled unconstitutional a state statute denying welfare benefits to residents who had not resided in state for at least one year preceding their application for assistance), plaintiff filed suit against the Director of Hawaii's Department of Social Services challenging the constitutionality of the Hawaii statute.  Prior to trial, the defendant abandoned his position and stipulated to judgment in favor of plaintiff.  <u>Brandenburger v. Thompson</u>, 494 F.2d 885 (1974).  Also in 1971, this Court struck down a Hawaii statute which mandated a preexamination residency requirement on persons applying to take the Hawaii State Bar Examination.  <u>Potts v. Honorable Justices of the Supreme Court of Hawaii</u>, 332 F. Supp. 1392 (D. Haw. 1971).  The law at issue required an applicant be a qualified registered voter in the State of Hawaii and that they have physically resided in Hawaii continuously for a period of six months after attaining the age of 15 years.  Defendant argued that the law was enacted to ensure that "a person with some degree of maturity will be able to absorb,

appreciate and understand the unique government structure, linguistics, and customs of Hawaii ..." Id. at 1397.  This Court rejected defendant's argument holding that an "understanding" of Hawaii's "uniqueness" has no relevance to an applicant's legal education or ability to be a sound lawyer.  Thus, this Court held that the preexamination residential requirements imposed under the statute contravened the Equal Protection Clause of the Fourteenth Amendment and struck down the statute.

Even if the storied legislative history of Hawaii statutes did not exist, "Defendants' argument that persons who were non-residents at the time of application are more likely to leave a position soon after their hire than those persons who were residents at the time of their application is contradicted by their argument that obtaining residency is easy and instantaneous upon arrival in the State." Walsh, at 1107.  If Defendant's earlier argument is correct that persons can likely become residents within one day of their arrival in the State and immediately apply for public employment, "those persons are equally as likely to be unfamiliar with day-to-day life in Hawaii as the person who had not yet established residency, as they likewise have yet to actually experience living in Hawaii." Id.

15

In addition, this Court affirms its finding that Hawaii Revised Statute section 78-1 is discriminatory on its face.  The text of the statute grants exceptions to the residency requirement for those persons applying for positions as police officers or with the University of Hawaii.  Haw. Rev. Stat. § 78-1(c) and (f).  This Court found that "Defendants' argument that section 78-1 is rationally related to its legitimate interest in preventing turnover is severely undermined by the State's exception to the pre-employment residency requirement for those seeking public positions with the University of Hawaii or as police officers."  Id.

As there are no genuine issues of material fact and Defendants have presented no new information to show that the pre-employment residency requirement is rationally related to a legitimate interest, this Court finds that Hawaii Revised Statute 78-1(c) violates Plaintiffs' fundamental Constitutional right to interstate migration.  Accordingly this Court GRANTS Plaintiffs' Motion for Summary Judgment and enters a Permanent Injunction of Hawaii Revised Statute 78-1(c).

CONCLUSION

For the reasons stated above, the Court GRANTS Plaintiffs' Motion for Summary Judgment and Entry of  Permanent Injunction and DENIES Defendants' Counter Motion for Summary Judgment.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, June 14, 2006.

_____
David Alan Ezra
United States District Judge

Kevin R. Walsh, et al. vs. City and County of Honolulu, et al., Civil No. 05-00378 DAE-LEK; ORDER GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANTS' COUNTER MOTION FOR SUMMARY JUDGMENT